FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 8 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

ROBERT PASSALACQUA,                           Case #:

                           Plaintiff,

    - against -                               **VERIFIED COMPLAINT**

                                              **CV 14      2903**

                                              **PLAINTIFF DEMANDS
                                              A TRIAL BY JURY**

ALAN P. GILLICK, M.D., GEISINGER-
COMMUNITY MEDICAL CENTER and ALLIED            MAUSKOPF, J.
SERVICES REHABILITATION HOSPITAL,
                                              AZRACK, M.J.
                           Defendants.

--------------------------------------------------------X

Plaintiff, complaining of the Defendants, by his attorneys, **DELL and DEAN,**

**PLLC**, allege upon information and belief as follows:

## JURISDICTION AND VENUE

1.      At all times hereinafter mentioned, Plaintiff **ROBERT PASSALACQUA**

was and still is a citizen of the State of New York, residing at Queens Center for

Rehabilitation and Residential Care, 15715 19th Avenue, Whitestone, County of Queens,

a residential care facility.

2.      At all times mentioned herein, the principal place of business of Defendant

**ALAN P. GILLICK, M.D.** was located in the State of Pennsylvania, County of

Lackawanna.

3.      At all times mentioned herein, the principal place of business of Defendant

**GEISINGER-COMMUNITY MEDICAL CENTER** was located in the State of

Pennsylvania, County of Lackawanna.

4.      At all times mentioned herein, the principal place of business of Defendant

**ALLIED SERVICES REHABILITATION HOSPITAL** was located in the State of

Pennsylvania, County of Lackawanna.

5.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was a medical professional engaged as a physician or other medical professional practicing such in the State of Pennsylvania.

6.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was a medical professional certified and/or licensed by the State of Pennsylvania.

7.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** held himself out to be a medical professional offering professional services to the public in general, and to Plaintiff **ROBERT PASSALACQUA** in particular.

8.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** represented that he was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff **ROBERT PASSALACQUA**.

9.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was an employee of Defendant **GEISINGER-COMMUNITY MEDICAL CENTER**.

10.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was an employee of Defendant **ALLIED SERVICES REHABILITATION HOSPITAL**.

11.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was an agent of Defendant **GEISINGER-COMMUNITY MEDICAL CENTER**.

12.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was an agent of Defendant **ALLIED SERVICES REHABILITATION HOSPITAL**.

13.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was a licensee of Defendant **GEISINGER-COMMUNITY MEDICAL CENTER**.

14.    At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** was

a licensee of Defendant **ALLIED SERVICES REHABILITATION HOSPITAL.**

15. At all times mentioned herein, Defendants **ALAN P. GILLICK, M.D. and GEISINGER-COMMUNITY MEDICAL CENTER** stood in such a relationship with each other in their care and treatment of Plaintiff **ROBERT PASSALACQUA** as to make each liable for the acts and omissions of the other.

16. At all times mentioned herein, Defendants **ALAN P. GILLICK, M.D. and ALLIED SERVICES REHABILITATION HOSPITAL** stood in such a relationship with each other in their care and treatment of Plaintiff **ROBERT PASSALACQUA** as to make each liable for the acts and omissions of the other.

17. At all times mentioned herein Defendant **ALAN P. GILLICK, M.D.** was, and still is, the owner, operator, manager and supervisor of a health-care facility known as **GEISINGER-COMMUNITY MEDICAL CENTER.**

18. At all times mentioned herein Defendant **ALAN P. GILLICK, M.D.** was, and still is, the owner, operator, manager and supervisor of a health-care facility known as **ALLIED SERVICES REHABILITATION HOSPITAL.**

19. At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** owned, operated, controlled, and managed a health care facility pursuant to the laws of the State of Pennsylvania for the care of the sick, located at 1800 Mulberry Street, Scranton, PA which provided personnel, including doctors, nurses, attendants, physician's assistants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff **ROBERT PASSALACQUA** could be treated.

20.     At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.**
owned, operated, controlled, and managed a health care facility pursuant to the laws of
the State of Pennsylvania for the care of the sick, located at 475 Morgan Highway,
Scranton, PA which provided personnel, including doctors, nurses, attendants,
physician's assistants and others for the care and treatment of its patients and which held
itself out to the public as furnishing treatment facilities where patients, including Plaintiff
**ROBERT PASSALACQUA** could be treated.

21.     At all times mentioned herein, Defendant **GEISINGER-COMMUNITY
MEDICAL CENTER** was a medical professional corporation duly organized and
existing under and, by virtue of, the laws of the State of Pennsylvania.

22.     At all times mentioned herein, Defendant **ALLIED SERVICES
REHABILITATION HOSPITAL** was a medical professional corporation duly
organized and existing under and, by virtue of, the laws of the State of Pennsylvania.

23.     At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.**
held himself out to offer professional services to the public in general, and to Plaintiff
**ROBERT PASSALACQUA** in particular.

24.     At all times mentioned herein, Defendant **GEISINGER-COMMUNITY
MEDICAL CENTER**  held themselves out to offer professional services to the public in
general, and to Plaintiff **ROBERT PASSALACQUA** in particular.

25.     At all times mentioned herein, Defendant **ALLIED SERVICES
REHABILITATION HOSPITAL**  held themselves out to offer professional services to
the public in general, and to Plaintiff **ROBERT PASSALACQUA** in particular.

26.     At all times mentioned herein, Defendant **ALAN P. GILLICK, M.D.** represented that he was competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff **ROBERT PASSALACQUA.**

27.     At all times mentioned herein, Defendant **GEISINGER-COMMUNITY MEDICAL CENTER** represented that they were competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff **ROBERT PASSALACQUA.**

28.     At all times mentioned herein, Defendant **ALLIED SERVICES REHABILITATION HOSPITAL** represented that they were competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff **ROBERT PASSALACQUA.**

29.     The amount in controversy in this matter exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

30.     Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS**.

31.     Venue is properly placed in the United States District Court for the Eastern District of New York since the plaintiff resides within that district, and that district is the most convenient for this action to be tried.

## AS AND FOR A FIRST CAUSE OF ACTION

32.     That May 10, 2012, and thereafter, Plaintiff **ROBERT PASSALACQUA** sought the professional care of Defendant **ALAN P. GILLICK, M.D.** for certain health issues, from which he was suffering, and this Defendant, his agents, servants and

employees rendered medical care, diagnosis, treatment and services to him.

33. That May 10, 2012, and thereafter, Plaintiff **ROBERT PASSALACQUA** sought the professional care of Defendant **GEISINGER-COMMUNITY MEDICAL CENTER** for certain health issues, from which he was suffering, and this Defendant, his agents, servants and employees rendered medical care, diagnosis, treatment and services to him.

34. That May 10, 2012, and thereafter, Plaintiff **ROBERT PASSALACQUA** sought the professional care of Defendant **ALLIED SERVICES REHABILITATION HOSPITAL** for certain health issues, from which he was suffering, and this Defendant, his agents, servants and employees rendered medical care, diagnosis, treatment and services to him.

35. The above medical care, diagnosis, treatment and services rendered to Plaintiff **ROBERT PASSALACQUA** were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

36. By reason of the above, Plaintiff **ROBERT PASSALACQUA** has sustained great pain, agony, injury, suffering, disability, and hospitalization with surgery, as well as mental anguish and emotional distress.

37. By reason of the above, Plaintiff **ROBERT PASSALACQUA** has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

38.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

39.    Defendant **ALAN P. GILLICK, M.D.**, his agents, servants, employees and/or others acting within their control, failed to advise of the risks, hazards and dangers inherent in the treatment rendered.

40.    Defendant **GEISINGER-COMMUNITY MEDICAL CENTER**, their agents, servants, employees and/or others acting within their control, failed to advise of the risks, hazards and dangers inherent in the treatment rendered.

41.    Defendant **ALLIED SERVICES REHABILITATION HOSPITAL**, their agents, servants, employees and/or others acting within their control, failed to advise of the risks, hazards and dangers inherent in the treatment rendered.

42.    Defendant **ALAN P. GILLICK, M.D.**, his agents, servants, employees and/or others acting within their control, failed to advise of the risks, hazards and dangers inherent in the treatment rendered, alternatives to the treatment rendered and failed to obtain an informed consent from Plaintiff **ROBERT PASSALACQUA** or any other authorized person.

43.    Defendant **GEISINGER-COMMUNITY MEDICAL CENTER**, their agents, servants, employees and/or others acting within their control, failed to advise of the risks, hazards and dangers inherent in the treatment rendered, alternatives to the treatment rendered and failed to obtain an informed consent from Plaintiff **ROBERT PASSALACQUA** or any other authorized person.

44.    Defendant **ALLIED SERVICES REHABILITATION HOSPITAL**,

their agents, servants, employees and/or others acting within their control, failed to advise

of the risks, hazards and dangers inherent in the treatment rendered, alternatives to the

treatment rendered and failed to obtain an informed consent from Plaintiff **ROBERT**

**PASSALACQUA** or any other authorized person.

45. Defendant **ALAN P. GILLICK, M.D.** failed to disclose to Plaintiff

**ROBERT PASSALACQUA** such alternatives to the treatment and the reasonably

foreseeable risks and benefits involved that a reasonable medical practitioner under

similar circumstances would have disclosed in a manner permitting Plaintiff to make a

knowledgeable evaluation.

46. Defendant **GEISINGER-COMMUNITY MEDICAL CENTER** failed

to disclose to Plaintiff **ROBERT PASSALACQUA** such alternatives to the treatment

and the reasonably foreseeable risks and benefits involved that a reasonable medical

practitioner under similar circumstances would have disclosed in a manner permitting

Plaintiff to make a knowledgeable evaluation.

47. Defendant **ALLIED SERVICES REHABILITATION HOSPITAL**

failed to disclose to Plaintiff **ROBERT PASSALACQUA** such alternatives to the

treatment and the reasonably foreseeable risks and benefits involved that a reasonable

medical practitioner under similar circumstances would have disclosed in a manner

permitting Plaintiff to make a knowledgeable evaluation.

48. A reasonably prudent person in Plaintiff **ROBERT PASSALACQUA'S**

position would not have undergone the treatment and/or procedure employed and utilized

by Defendant **ALAN P. GILLICK, M.D.** if he had been fully informed and the lack of

informed consent is the proximate cause of the injury and condition for which recovery is

sought.

49.     A reasonably prudent person in Plaintiff **ROBERT PASSALACQUA'S**
position would not have undergone the treatment and/or procedure employed and utilized
by Defendant **GEISINGER-COMMUNITY MEDICAL CENTER** if he had been fully
informed and the lack of informed consent is the proximate cause of the injury and
condition for which recovery is sought.

50.     A reasonably prudent person in Plaintiff **ROBERT PASSALACQUA'S**
position would not have undergone the treatment and/or procedure employed and utilized
by Defendant **ALLIED SERVICES REHABILITATION HOSPITAL** if he had been
fully informed and the lack of informed consent is the proximate cause of the injury and
condition for which recovery is sought.

51.     As a result of the foregoing, Plaintiff **ROBERT PASSALACQUA** was
seriously and permanently injured.

## AS AND FOR A THIRD CAUSE OF ACTION

52.     Plaintiff repeats and realleges each and every allegation set forth above
with the same force and effect as though set forth herein at length.

53.     Defendant **ALAN P. GILLICK, M.D.** was negligent in hiring and
supervising medical personnel who were careless, unskillful, negligent, and who did not
possess the requisite knowledge and skill of medical professionals in the community.

54.     Defendant **GEISINGER-COMMUNITY MEDICAL CENTER** was
negligent in hiring and supervising medical personnel who were careless, unskillful,
negligent, and who did not possess the requisite knowledge and skill of medical
professionals in the community.

55. Defendant **ALLIED SERVICES REHABILITATION HOSPITAL** was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

56. By reason of the above, Plaintiff **ROBERT PASSALACQUA** has sustained great pain, agony, injury, suffering, disability, and hospitalization with surgery, as well as mental anguish and emotional distress.

57. By reason of the above, Plaintiff **ROBERT PASSALACQUA** has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff **ROBERT PASSALACQUA,** demand judgment against the Defendants **ALAN P. GILLICK, M.D., GEISINGER-COMMUNITY MEDICAL CENTER and ALLIED SERVICES REHABILITATION HOSPITAL** for all the damages which they have suffered by reason of the negligence of the defendants and which damages they will continue to suffer all together with the costs and disbursements of this action.

Dated: Garden City, New York
         5-7-14

Yours, etc.,

DELL & DEAN, PLLC
Attorneys for Plaintiff
**ROBERT PASSALACQUA**
1325 Franklin Avenue, Suite 100
Garden City, NY 11530
(516) 880-9700

By:_____
JOSEPH G. DELL (JD7315)
A member of the firm.